# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**UNITED STATES OF AMERICA**

v.                                                                Criminal No. **3:13CR178**

**IVAN PATINO SANCHEZ,**

    Petitioner.

## MEMORANDUM OPINION

Ivan Patino Sanchez, a federal inmate proceeding *pro se*, filed this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 377). The Government filed a Response contending that Sanchez's claims lack merit. (ECF No. 396.) Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Sanchez filed no reply. By Memorandum Order entered on June 13, 2019, the Court directed Sanchez to show good cause, within twenty (20) days of the date of entry thereof, why his § 2255 Motion should not be dismissed as untimely. The Court also explained that if Sanchez failed to respond within that time, the Court would dismiss the action as untimely.

On July 1, 2019, the United States Postal Service returned the June 13, 2019 Memorandum Order to the Court marked, "RETURN TO SENDER." (ECF No. 408.) Since that date, Sanchez has not contacted the Court to provide a current address or otherwise responded to the June 13, 2019 Memorandum Order. Sanchez's failure to apprise the Court of his current address or otherwise contact the Court demonstrates his lack of interest in prosecuting the § 2255 Motion. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

A certificate of appealability will be DENIED.[1]

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: July 16, 2019
Richmond, Virginia

---

[1] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Sanchez has not satisfied this standard.